IN RE EDWARD SPENCE, NORA SPENCE, AND MAMIE SPENCE.

(Filed 18 October, 1961.)

APPEAL by petitioner from *Hooks, S. J.,* April 1961 Term of WAYNE.

Edna S. Bailey, mother of the named infants, filed a petition alleging she then had custody of Edward, the oldest child; Zeno Spence, father of the children, had custody of the two youngest; the home maintained by the father was not a suitable place for the children to live, nor was respondent a suitable person to have the custody of the children.

The father answered, denying the allegations with respect to his fitness to have custody. He asserted petitioner abandoned him and the children in September 1957. She went to Nevada and in November 1957 obtained a divorce from respondent, who was by that decree awarded custody of all three children. He had had the care and custody of the children since petitioner abandoned them. He alleged petitioner who had remarried in December 1957, was not a proper person to have custody.

Judge Hooks, after hearing the evidence, made findings of fact. He found respondent to be a fit and suitable person and his home a suitable place for the rearing of the children. His eighth finding reads: "That the best interest and welfare of said three minor children will be served and promoted by being in the care and custody of the respondent, their father, with some regular period of visitation with the petitioner, their mother."

Based on the findings, the court awarded custody to the father, but permitted petitioner to have custody from 15 June to 15 August each year. From the judgment so entered petitioner appealed.

*Braswell & Strickland for petitioner appellant.*

*Paul B. Edmundson, Jr. and William A. Dees, Jr. for respondent appellee.*

PER CURIAM. There are no exceptions to the findings of fact. The

judgment awarding custody based on the findings, particularly find-
ing number 8, was properly entered. *In re Gibbons*, 245 N.C. 24, 95
S.E. 2d 85; s.c. 247 N.C. 273, 101 S.E. 2d 16.

The exception to the admission in evidence of letters from petitioner
commending respondent for the manner in which he had cared for the
children is without merit. They contradict the assertion now made that
respondent has always neglected his children.

Affirmed.